PHILIP S. GERSON, ESQ.
Nevada Bar No. 005964
OLSON, CANNON, GORMLEY
& DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Facsimile: (702) 383-0701
email: pgerson@rocgd.com

Attorney for Defendant
Ferguson Enterprises, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HAFEN RANCH ESTATES, a Nevada Corporation; NYE COUNTY CONSTRUCTION, LLC, a Nevada Limited-Liability Company; and PAHRUMP UTILITY COMPANY, INC., a Nevada Corporation,

    Plaintiffs,

KEVIN MCGINNIS, a Nevada Resident; THE FORD METER BOX COMPANY INC., an Indiana Corporation; A.Y. MCDONALD MFG.CO., an Iowa Corporation; FERGUSON ENTERPRISES, INC., a Virginia Corporation; HD SUPPLY WATERWORKS, LP, a Florida Limited Partnership; U.S. FILTER DISTRIBUTION GROUP, INC., a Georgia Corporation; NATIONAL WATERWORKS, INC., a Texas Corporation; WFX, LLC d/b/a WESFLEX PIPE MANUFACTURING, a California Limited-Liability Company; CHEVRON PHILLIPS CHEMICAL COMPANY LP, a Texas Limited Partnership; DOES I-X; and ROE CORPORATIONS XI-XX,

    Defendants.

CASE NO.: 2:10cv187-LRH-RJJ

**DEFENDANT FERGUSON ENTERPRISES, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE THE AFFIDAVIT OF PHILIP S. GERSON, THE ACCOMPANYING EXHIBITS AND ALL RELATED ARGUMENTS**

COMES NOW, Defendant FERGUSON ENTERPRISES, INC. (hereinafter "FERGUSON") by and through its attorneys of record, OLSON CANNON GORMLEY &

1 | DESRUISSEAUX, and hereby submits its Response to Plaintiffs HAFEN RANCH ESTATES,
2 | NYE COUNTY CONSTRUCTION, LLC and PAHRUMP UTILITY COMPANY, INC.
3 | (hereinafter "Plaintiffs") Motion to Strike the Affidavit of Philip S. Gerson, the Accompanying
4 | Exhibits and all related arguments (Doc #46).
5 | DATED this 26th day of April, 2010.

OLSON, CANNON, GORMLEY
& DESRUISSEAUX

BY: /s/ *Philip S. Gerson*

PHILIP S. GERSON, ESQ.
Nevada Bar No. 005964
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Facsimile: (702) 383-0701
email: pgerson@ocgd.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On December 15, 2009, Plaintiffs filed their complaint for damages in the Eighth Judicial District Court in Clark County, Nevada. Plaintiffs sued nine parties for three specified causes of action: (1) Negligence; (2) Breach of Implied Warranty of Merchantability; and (3) Breach of Implied Warranty of Fitness for a Particular Purpose. Plaintiffs allege specific actions of Defendant THE FORD METER BOX COMPANY, INC. ("FORD"). For all other defendants, FERGUSON; KEVIN MCGINNIS ("MCGINNIS"); A.Y. MCDONALD MRG. COM ("AY MCDONALD"); HD SUPPLY WATERWORKS, LP ("HD SUPPLY"); U.S. FILTER DISTRIBUTION GROUP, INC.("US FILTER"); NATIONAL WATERWORKS, INC.("NATIONAL"); WFX, LLC d/b/a WESFLEX PIPE MANUFACTURING ("WFX"); and CHEVRON PHILLIPS CHEMICAL COMPANY, LP, ("CHEVRON") other than alleging their domicile and contending that they are suppliers under NRS 40.634, Plaintiffs make broad, general allegations as to their actions.

FERGUSON removed this matter to the United States District Court for the District of Nevada on February 11, 2010 (Doc #1). On February 17, 2010, CHEVRON filed its Motion for More Definite Statement (Doc #6). On February 18, 2010, HD SUPPLY filed its Motion for More Definite Statement (Doc. #8). On February 22, 2010, HD SUPPLY filed a joinder to CHEVRON's motion for more definite statement (Doc #9). On February 23, 2010, FERGUSON filed joinders to both HD SUPPLY and CHEVRON's motions (Docs #11 and 12). On February 25, 2010, WFX filed joinders to both HD SUPPLY and CHEVRON's motions (Docs # 14 and 15). On February 26, 2010, CHEVRON filed a joinder to HD SUPPLY's motion (Doc #19). On March 2, 2010, MCGINNIS filed his Motion to Dismiss and in the alternative a joinder to the motions for more definite statement (Doc #22). On March 18, 2010, Plaintiffs filed a response to all of the motions for more definite statement and joinders thereto (Doc #31). FERGUSON filed its Reply to Plaintiff on March 29, 2010 (Doc #35). On April 8, 2010, Plaintiffs filed the instant Motion to strike (Doc #46).

## II

## ARGUMENT

Plaintiffs do not cite to any legal authority in support of their Motion to Strike. They make a series of rambling derogatory assertions and then conclude that the documents submitted are irrelevant and should not be admitted at trial. Doc #46 5:5-6. Plaintiffs then argue that the exhibits should be excluded because they might confuse a jury. Doc. #46 5:16. Plaintiffs entire motion is without merit. Plaintiffs entire motion is a rant against the method that Nye County uses to identify property. Plaintiffs fail to appreciate that these documents were attached indirect response to the Plaintiffs' claims raised in their response to the Motions for More Definite Statement where they, all three of them, allege that they are owners of appurtenances to residences. Doc #31 5:13-16. The public records of Nye County attached in reply to Plaintiffs unsupported allegations of joint ownership of appurtenances shows that there is a need for clarification. At best, Plaintiffs allege that Plaintiff PAHRUMP UTILITY COMPANY, INC. has a license from the Nevada Public Utilities Commission to provide water service to the Artesia project (Doc 46-7). That document does not convey or confer ownership. More importantly, it shows that Plaintiffs do not all own the appurtenances in contrast to their express claims.

FERGUSON and the other Defendants have filed motions for More Definite Statement because the underlying Complaint is so vague and broad that it is not possible to determine the claims being alleged and basic information that could revise or otherwise narrow the issues before the Court; specifically those issues that can support a dispositive defense motion. *Casanova v. Ulibarri*, 595 F.3d 1120 (10th Cir. 2010)(citing,5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 at 336 (3d ed. 2004)). The documents attached by FERGUSON are all public records of the Nye County Recorders office. They are admissible pursuant to FRE 803 and 902. They are directly relevant and responsive to the claims of the Plaintiffs as set forth in their Response to the motions for More Definite Statement.

Lastly, Plaintiffs claims that the information provided to this Court is false is unsupported

in both fact and law.[1] The information contained in the documents state clearly the information contained in the public record. The parcels owned by Plaintiff HAFEN RANCH ESTATES are industrial lots within a general overall village residential master plan zone. The documents attached by Plaintiffs confirm that these lots, the ones identified by FERGUSON, do not have any improvements upon them. Doc #46-2 pages 2-12. Every single lot is listed with a use of "Truck Stop with Motels" and has no residence constructed thereon. There is no "false" information being provided to this Court. Clearly, there are no residences being damaged. Plaintiffs claim that the appurtenances are "improvements that benefit residences". Doc #31 5:14-15. Since there are no residences on any of the lots owned by Plaintiffs, this is a misleading statement. A more definite statement and description are needed and such a clarification is required as a matter of law.

## III.
## CONCLUSION

Plaintiffs Motion to Strike (Doc #46) should be denied. The evidence supplied responds directly to claims raised in Plaintiffs response to the Motions for More Definite Statement. The evidence is admissible and the land use descriptions are the current use for the individual lots. None of the lots contains a residence. Plaintiffs have provided no legal authority for their Motion to Strike and it should be denied.

DATED this __26th__ day of April, 2010.

OLSON, CANNON, GORMLEY
& DESRUISSEAUX

By: /s/ *Philip S. Gerson*
PHILIP S. GERSON, ESQ.
Nevada Bar No. 5964
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for Defendants
Ferguson Enterprises, Inc.

---

[1] Plaintiffs have attached 2 photographs without any indicia of reliability or admissibility. Doc 46-6 page 2. Due to the fact that no information was provided about these photographs (ownership of lot, street address, etc) FERGUSON is unable to discuss them. They are not admissible evidence and should be ignored by this Court.

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 26th day of April, 2010, I served the above **DEFENDANT FERGUSON ENTERPRISES, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE THE AFFIDAVIT OF PHILIP S. GERSON, THE ACCOMPANYING EXHIBITS AND ALL RELATED ARGUMENTS** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

J. Randall Jones, Esq.
Michael J. Gayan, Esq.
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Pkwy, 17th Floor
Las Vegas, Nevada 89169
Telephone: 385-6000
Fax: 385-6001
Attorneys for Plaintiffs

Daniel S. Rodman, Esq.
Jay J. Schuttert, Esq.
SNELL & WILMER
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 784-5200
Fax: 784-5252
Attorneys for Defendant
CHEVRON PHILLIPS CHEMICAL COMPANY LP

Rosemary Missisian, Esq.
David J. Larson, Esq.
WEINBERG, WHEELER, HUDGINS,
 GUNN & DIAL, LLC
3773 Howard Hughes Parkway, Suite 390 N
Las Vegas, Nevada 89169
Telephone: 938-3838
Fax: 938-3864
Attorneys for Defendants
HD SUPPLY WATER WORKS, LP and
KEVIN MCGINNIS

Ronald S. Sofen, Esq.
Becky A. Pintar, Esq.
GIBBS, GIDEN, LOCHER, TURNER & SENET, LLP
3993 Howard Hughes Parkway, Suite 530
Las Vegas, Nevada 89169
Telephone: 836-9800
Fax: 836-9802
Attorneys for WFX, LLC d/b/a
WESFLEX PIPE MANUFACTURING

1  Jean A. Weil, Esq.
   Thomas A. Larmore, Esq.
2  WEIL & DRAGE, APC
   6085 West Twain Avenue, Suite 203
3  Las Vegas, Nevada 89103
   Telephone: 314-1905
4  Fax: 314-1909
   Attorneys for A.Y. MCDONALD MFG.CO

           /s/ *Melissa Burgener*
           An employee of OLSON, CANNON,
           GORMLEY & DESRUISSEAUX