J. RANDALL JONES, ESQ.
Nevada Bar No. 1927
jrj@kempjones.com
MICHAEL J. GAYAN, ESQ.
Nevada Bar No. 11135
mjg@kempjones.com
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Tel. (702) 385-6000
Fax (702) 385-6001
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HAFEN RANCH ESTATES, a Nevada Corporation; NYE COUNTY CONSTRUCTION, LLC, a Nevada Limited-Liability Company; and PAHRUMP UTILITY COMPANY, INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN MCGINNIS, a Nevada Resident; THE FORD METER BOX COMPANY INC., an Indiana Corporation; A.Y. MCDONALD MFG. CO., an Iowa Corporation; FERGUSON ENTERPRISES, INC., a Virginia Corporation; HD SUPPLY WATERWORKS, LP, a Florida Limited Partnership; U.S. FILTER DISTRIBUTION GROUP, INC., a Georgia Corporation; NATIONAL WATERWORKS, INC., a Texas Corporation; WFX, LLC d/b/a WESFLEX PIPE MANUFACTURING, a California Limited-Liability Company; CHEVRON PHILLIPS CHEMICAL COMPANY LP, a Texas Limited Partnership; DOES I-X; and ROE CORPORATIONS XI-XX,<br><br>Defendants. | Case No.: 2:10-CV-187-LRH-(RJJ)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT FERGUSON ENTERPRISES, INC.'S MOTION TO STRIKE NEW ARGUMENTS RAISED IN PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND TO STATE COURT** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On December 15, 2009, Plaintiffs filed this action in the District Court of Clark County, Nevada. The action involves plumbing products that fail when used in combination with one another as intended and recommended by Defendants. Plaintiffs' complaint includes claims against numerous suppliers of these plumbing products as well as the individual that recommended Plaintiffs use these particular products together.

On February 13, 2010, Ferguson Enterprises, Inc. ("Ferguson") filed a Notice of Removal to the United States District Court for the District of Nevada (Doc. #1). On March 4, 2010, Ferguson filed its Statement Regarding Removal and alleged that Plaintiffs fraudulently joined Defendant Kevin McGinnis (Doc. #21). On March 12, 2010, Plaintiffs filed their Motion to Remand demonstrating the lack of complete diversity (Doc. #28). Thereafter, Defendants WFX, LLC dba Wesflex Pipe Manufacturing, Ferguson, Chevron Phillips Chemical Company LP, Kevin McGinnis, and HD Supply Waterworks, LP ("HD Supply") filed their responses to Plaintiffs' Motion to Remand (Doc. #32, 35, 36, and 40). On April 5, 2010, Plaintiffs filed their Reply in support of their Motion to Remand (Doc. #44). On April 23, 2010, Ferguson filed a motion to strike argument in Plaintiffs' reply brief alleging that Plaintiffs waived their arguments regarding this Court's subject matter jurisdiction (Doc. #54), which was joined by HD Supply and McGinnis (Doc. #57). The instant motion by Ferguson, HD Supply, and McGinnis (collectively "Moving Defendants") must be denied because arguments regarding a court's subject matter jurisdiction over a matter can never be waived.

### II.

### ARGUMENT

Although courts generally follow the rule that "new material does not belong in a reply brief," *White v. City of Sparks*, 341 F.Supp.2d 1120, 1134 (D. Nev. 2004) (quoting *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1357, 1332 (9th Cir. 1981)), a party's ability to object to the "district court's subject matter jurisdiction can never be waived" and "it can be raised at any

stage in the proceeding." *Gandolfi v. Desert Shadows RV Resort Owners Assoc., Inc.*, 142 F.3d 443 (9th Cir. 1998). A court's subject matter jurisdiction to hear an action is so critical that the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760). Under 28 U.S.C. § 1332, the district courts are provided with subject matter jurisdiction to hear cases involving complete diversity of citizenship. Plaintiffs' reply brief raises jurisdictional issues that cannot be waived and that may be raised at any stage in this proceeding. The Moving Defendants' instant motion to strike and deem Plaintiffs' jurisdictional arguments as being waived must be denied because it requests relief that no court has the power to grant.

The cases cited by the Moving Defendants regarding waiver have no application to this case. The two cases mentioned apply to issues not raised in an appellant's opening brief to the Ninth Circuit Court of Appeals. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) (cited for this proposition by *Burlington Northern & Santa Fe Railway Co. v. Vaughn*, 509 F.3d 1085, 1093 n.3 (9th Cir. 2007), which was cited by *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008), both of which were cited in the Moving Defendants' motion). As such, these cases provide no support for the Moving Defendants' instant motion to strike. Under Local Rule 7-2(d), a motion not supported by points *and* authorities constitutes consent by the movant to the Court's denial of the motion. By failing to cite any authority to support their motion, the Moving Defendants have consented to denial of the motion to strike.

. . .

. . .

. . .

. . .

## III.

## CONCLUSION

Plaintiffs' did not and cannot waive their objections related to this Court's subject matter jurisdiction to hear this case. As such, this Court should deny Ferguson's Motion to Strike New Arguments Raised in Plaintiffs' Reply in Support of Motion to Remand to State Court (Doc. #54).

DATED this 10th day of May, 2010.

                              J. Randall Jones, Esq.
                              Nevada Bar No. 001927
                              Michael J. Gayan, Esq.
                              Nevada Bar No. 011135
                              3800 Howard Hughes Parkway
                              Seventeenth Floor
                              Las Vegas, Nevada 89169
                              Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT FERGUSON ENTERPRISES, INC.'S MOTION TO STRIKE NEW ARGUMENTS RAISED IN PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND TO STATE COURT** was made on the 10th day of May, 2010, via the United States District Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                              An employee of Kemp, Jones & Coulthard, LLP