David J. Larson, Esq.
Nevada Bar No. 8837
Rosemary Missisian, Esq.
Nevada Bar No. 8575
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
Telephone: (702) 938-3838
*Attorneys for Kevin McGinnis and
HD Supply Waterworks, National Waterworks, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HAFEN RANCH ESTATES, a Nevada Corporation; NYE COUNTY CONSTRUCTION, LLC, a Nevada Limited Liability Company; and PAHRUMP UTILITY COMPANY, INC., a Nevada Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN MCGINNIS, a Nevada Resident; THE FORD METER BOX COMPANY INC., an Indiana Corporation; A.Y. MCDONALD MFG. CO., an Iowa Corporation; FERGUSON ENTERPRISES, INC., a Virginia Corporation; HD SUPPLY WATERWORKS, LP, a Florida Limited Partnership; U.S. FILTER DISTRIBUTION GROUP, INC., a Georgia Corporation; NATIONAL WATERWORKS, INC., a Texas Corporation; WFX, LLC d/b/a WESFLEX PIPE MANUFACTURING, a California Limited-Liability Company; CHEVRON PHILLIPS CHEMICAL COMPANY LP, a Texas Limited Partnership; DOES I-X; and ROE CORPORATIONS XI-XX, <br><br> Defendants. | Case No.   2:10-cv-187-LRH-RJJ <br><br><br> **DEFENDANT NATIONAL WATERWORKS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT NATIONAL WATERWORKS, INC.'S CONSENT TO REMOVAL [53]** |

COMES NOW, Defendant National Waterworks, Inc., by and through his attorneys Weinberg Wheeler Hudgins Gunn and Dial, LLC, and hereby submits its Opposition to Plaintiffs' Motion to Strike Defendant National Waterworks, Inc.'s Consent to Removal [53].

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION & BACKGROUND**

On February 11, 2010, Ferguson Enterprises timely removed this action to federal court. [1]. Thereafter, every defendant who both received service and affirmatively joined in the action filed either joinders or consents to the removal. *See* Notices of Removal of Chevron Phillips Chemical Company LP [5], HD Supply Waterworks and Kevin McGinnis [7], and WFX, LLC dba Wesflex Pipe Manufacturing [13]. At the time, the remaining defendants Ford Meter Box Company, Inc.,[1] A.Y. McDonald, U.S. Filter Distribution Group, Inc. and National Waterworks had not yet joined the action.

On March 12, 2010, Plaintiffs moved to remand this matter to state court. [28]. Plaintiffs based their motion on the argument that the action lacked complete diversity as a result of the presence of Defendant Kevin McGinnis, of whom defendants claim was fraudulently joined. On April 5, 2010, Plaintiffs submitted a reply brief in support of their motion to remand and in response to various defense oppositions. In the reply brief, Plaintiffs raised new issues, including the argument that A.Y. McDonald Mfg. Co. did not consent to the removal of this action. [44].[2]

On April 14, 2010, A.Y. McDonald joined the herein action by filing a Motion to Dismiss, or Alternatively, for More Definite Statement. [48, 49]. On April 20, 2010, A.Y. McDonald filed a consent to removal. In response, Plaintiffs moved to strike A.Y. McDonald's Consent to Removal [52]. Various defendants, including National Waterworks, opposed the motion.

On April 22, 2010, National Waterworks filed a Consent to Removal. [53]. This filing marked National Waterworks' first appearance in the case. National Waterworks specifically stated that it had not yet joined the action and had been granted an open extension of time in which to respond to Plaintiffs' Complaint. National Waterworks further stated to this Court that, although National Waterworks was not yet joined in the action, it filed the consent to clarify the record as to its intentions for removal and explain its absence from this litigation.

---

[1] Ford Meter Box has yet to join the herein action.
[2] See Ferguson Enterprises' Motion to Strike New Arguments Raised in Plaintiffs' Reply in Support of Motion to Remand to State Court [54].

1  Plaintiffs now seek to strike the consent notices of A.Y. McDonald and National Waterworks in order to avoid Ferguson's timely removal petition.

## II.

## LEGAL ARGUMENT

A. <u>The Removal Statute requires that a Notice of Removal Be Timely Filed; Defendant Ferguson Enterprise timely filed a Notice of Removal in this Matter.</u>

28 U.S.C §1446(b) provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, thought service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

The statute does not expressly address the role of other defendants in a case nor does it require that each defendant file a notice of removal. In the present case, Ferguson Enterprises timely removed this matter on February 11, 2010. This fact appears undisputed by Plaintiffs.

The United States District Court for the Western District of Texas has held that courts should look to the circumstances of the removing defendant:

> . . . joinder in or consent to the removal petition must be accomplished by only those defendants: (1) who have been served; and (2) whom the removing defendant(s) actually knew or should have known had been served. The second requirement encompasses the served defendants whom the removing defendant(s) actually knew had been served. This requirement also mandates that the removing defendant(s) obtain the consent or joinder of other defendant(s) whom the removing defendant(s) should have been aware of because of the constructive notice of the filing of the return of service in the state court. The constructive notice element should only be applied to removing defendant who had a reasonable time to become aware of the filing of such service and had a reasonable time in which to obtain the consent or joinder of such other defendants. To mandate that all defendants who have been actually served must join in any removal filed after the actual time of service upon such defendants would be inconsistent with the spirit and purpose of the federal rules, as well as contrary to logic and common sense, and could create motivation for improper conduct in serving defendants.

*Milstead Supply Co. v. Casualty Ins. Co.,* 797 F. Supp. 569, 573 (W.D. Tex. 1992). In the present case, there is no evidence that Ferguson had notice of Plaintiffs' service of Summons and

Complaint on either A.Y. McDonald or National Waterworks. While Plaintiffs may have filed an affidavit of service with respect to these entities, the affidavits did not contain a certificate of service. Not having any knowledge as to the involvement of the other parties, Ferguson was not under any obligation to obtain their consent to removal. Thus, the removal was proper without the consent or joinder of either National Waterworks or A.Y. McDonald.

B. <u>The Ninth Circuit has held that those defendants being properly joined and served in the action must either consent or join in the removal; At the time of removal, National Waterworks was not properly joined.</u>

While the statute does not expressly address the role of other defendants in a case, courts have interpreted the statute to require consent or joinder by joined defendants. As stated in *Knutson v. Allis Chalmers Corporation,* 358 F. Supp.2d 983, 991 (Nev. Dist. 2005), a case upon which Plaintiffs rely, "as expressed by Ninth Circuit courts . . . all defendants who are properly joined and served in the action must join in the removal or consent to it in writing."

Pursuant to the case law cited by Plaintiffs, all defendants who are properly joined and served in the action must consent and/or join in removal. Plaintiffs have introduced into the federal court proceedings a file stamped copy of a Summons and the Affidavit in support of service (See Exhibit 1 to Plaintiff's Motion to Strike [60]). National Waterworks reserves its objections to the alleged service. Plaintiffs fail to demonstrate that National Waterworks was otherwise "properly joined" in the action. Prior to the notice of consent, National Waterworks had not appeared in the action. The Notice of Consent was filed for the limited purpose of providing additional information to the Court regarding the consent position of an absent parties. In fact, Plaintiffs have given National Waterworks an open extension of time in which to join the action, thereby excusing joinder of defendant to the action.

C. <u>Plaintiffs should be estopped from claiming that those defendants for whom they have granted extensions of time must consent or join in removal when they have not otherwise appeared in the case.</u>

As discussed above, National Waterworks was granted an open extension of time to respond to the complaint in this matter. The open extension was granted based on the pending motions to dismiss, motions for more definite statement and motion to remand. Presumably, A.Y. McDonald was provided the same opportunity. In each situation, Plaintiffs have consented to these

1  defendants' non-joinder to the action until the posture of their complaint is resolved. It would be
2  unfair at this point to allow Plaintiffs to consent to National Waterworks' non-participation and
3  non-joinder to the case but at the same time argue to this Court that their non-participation and
4  non-joinder should be held against them. Once Plaintiffs attempted this maneuver with A.Y.
5  McDonald, National Waterworks' only option was to file a consent to removal to demonstrate its
6  position to the Court. Plaintiffs should be estopped from granting National Waterworks the right to
7  delay its joinder to the case but at the same time use the grant to National Waterworks' detriment.

## V.

## CONCLUSION

Based on the foregoing, Defendants request that this Court deny Plaintiffs' Motion to Strike National Waterworks' Consent to Removal.

DATED this 18 day of May 2010.

/s/ Rosemary Missisian
_____
David J. Larson, Esq.
Rosemary Missisian, Esq.
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Kevin McGinnis and
HD Supply Waterworks*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, and that on the 18th day of May 2010, the foregoing **DEFENDANT NATIONAL WATERWORKS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE NATIONAL WATERWORKS, INC.'S CONSENT TO REMOVAL** was served by e-service, in accordance with the Electronic Filing Procedures of the United States District Court, to the following.

J. Randall Jones, Esq.
Michael J. Gayan, Esq.
Kemp, Jones & Coulthard, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
jrj@kempjones.com
*Attorneys for Plaintiffs*

Philip S. Gerson, Esq.
Olson, Cannon, Gormley & Desruisseaux
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
pgerson@rocgd.com
*Attorneys for Defendant Ferguson Enterprises, Inc.*

Daniel S. Rodman, Esq.
Jay J. Schuttert, Esq.
Snell & Wilmer, LLP
3883 Howard Hughes Pkwy, Ste 1100
Las Vegas, NV 89169
jschuttert@swlaw.com
*Attorneys for Defendant Chevron Phillips Chemical Company, LP*

Ronald S. Sofen, Esq.
Becky A. Pintar, Esq.
Gibbs, Giden, Locher, Turner & Senet, LLP
3993 Howard Hughes Parkway, Suite 530
Las Vegas, Nevada 89169
bpintar@gglt.com
*Attorneys for Defendant WFX LLC dba Wesflex Pipe Manufacturing*

Jean A. Weil, Esq.
Thomas A. Larmore, Esq.
Weil & Drage, APC
6085 West Twain Avenue, Suite 203
Las Vegas, Nevada 89103
jweil@weildrage.com
tlarmore@weildrage.com
*Attorneys for Defendant A.Y. McDonald Mfg. Co.*

_Cynthia S. Bowman_
An Employee of Weinberg, Wheeler,
Hudgins, Gunn & Dial, LLC