J. RANDALL JONES, ESQ.
Nevada Bar No. 1927
jrj@kempjones.com
MICHAEL J. GAYAN, ESQ.
Nevada Bar No. 11135
mjg@kempjones.com
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Tel. (702) 385-6000
Fax (702) 385-6001
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HAFEN RANCH ESTATES, a Nevada Corporation; NYE COUNTY CONSTRUCTION, LLC, a Nevada Limited-Liability Company; and PAHRUMP UTILITY COMPANY, INC., a Nevada Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN MCGINNIS, a Nevada Resident; THE FORD METER BOX COMPANY INC., an Indiana Corporation; A.Y. MCDONALD MFG. CO., an Iowa Corporation; FERGUSON ENTERPRISES, INC., a Virginia Corporation; HD SUPPLY WATERWORKS, LP, a Florida Limited Partnership; U.S. FILTER DISTRIBUTION GROUP, INC., a Georgia Corporation; NATIONAL WATERWORKS, INC., a Texas Corporation; WFX, LLC d/b/a WESFLEX PIPE MANUFACTURING, a California Limited-Liability Company; CHEVRON PHILLIPS CHEMICAL COMPANY LP, a Texas Limited Partnership; DOES I-X; and ROE CORPORATIONS XI-XX, <br><br> Defendants. | Case No.:  2:10-CV-187-LRH-(RJJ) <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT NATIONAL WATERWORKS, INC.'S UNTIMELY CONSENT TO REMOVAL** |

## I.

## INTRODUCTION

National Waterworks, Inc.'s ("National") response to Plaintiffs' Motion to Strike is filled with misrepresentations regarding the facts of this case and misinterpretation of the law. National injected additional confusion to this matter by filing two nearly identical briefs

responding to Plaintiffs' Motion to Strike (Doc. #64 and #69). Plaintiffs believe the two briefs are substantially the same and this reply is in response to both of National's opposition briefs. Regarding the merits of Plaintiffs' underlying Motion to Strike (Doc. #60), National misunderstands the concept of a "properly joined" party and confuses it with a party appearing in the action or answering the Complaint. National misrepresented to the Court that "[v]arious defendants, including National Waterworks, opposed [Plaintiffs' Motion to Strike A.Y. McDonald's Untimely Consent to Removal]." (Doc. #64 at 2:20). In fact, no party, including A.Y. McDonald, opposed Plaintiffs' Motion to Strike A.Y. McDonald's Untimely Consent to Removal. National also misrepresented to the Court the scope of the extension granted to it by Plaintiffs. National suggests that Plaintiffs granted it an open extension on all deadlines, including the deadline for filing a consent to removal (Doc. #64 at 4:21-22). However, upon the specific request of National, Plaintiffs only granted National the professional courtesy of an open extension to answer the Complaint and nothing more. Plaintiffs are appalled that National now seeks to overextend that professional courtesy for its own advantage on this issue. Because National failed to file its consent to removal within 30 days from the date Plaintiffs served it with the Summons and Complaint, this Court should grant Plaintiffs' Motion to Strike National's Untimely Consent to Removal (Doc. #60).

National's briefs also raise issues regarding the adequacy of Ferguson Enterprises, Inc.'s ("Ferguson") Petition for Removal (Doc. #1) that are not responsive to anything in Plaintiffs' Motion to Strike. These arguments appear to be an improper attempt by National to oppose Plaintiffs' Motion to Remand after the deadline for filing responses thereto. As such, Plaintiffs are compelled to respond to these removal arguments at this time.

## II.

## ARGUMENT

**A. National Became a Properly Joined Defendant When Plaintiffs Named National in the Complaint and Served National with the Summons and Complaint.**

Civil actions are commenced by the filing of a complaint with the court. NEV. R. CIV. P. 3. After the complaint has been filed with the court, the clerk must issue a summons and deliver

1  it to the plaintiff or the plaintiff's attorney, who must serve the summons and a copy of the

2  complaint on each of the defendants. NEV. R. CIV. P. 4(a). Once service of process is

3  accomplished, proof of service must be provided to the court and can be in the form of an

4  affidavit from the person serving the process. NEV. R. CIV. P. 4(g)(2). A failure to make proof

5  of service with the court "shall not affect the validity of the service." NEV. R. CIV. P. 4(g).

6  "[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person

7  of the party served." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350

8  (1999) (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)).

9  "Accordingly, one becomes a party officially, and is required to take action in that capacity, only

10 upon service of a summons or other authority-asserting measure stating the time within which

11 the party served must appear and defend." *Murphy Brothers*, 526 U.S. at 350. Importantly, the

12 thirty-day period in which a defendant must file a consent to removal runs from the date the

13 defendant receives the initial pleading, through service or otherwise, or the summons, whichever

14 period is *shorter*. 28 U.S.C. §1446(b).

15      Plaintiffs' Complaint names National as a Defendant in this action because National

16 supplied many of the defective materials used in Plaintiffs' water service lines, which are the

17 subject of this action. On January 26, 2010, the process server hired by Plaintiffs served "a true

18 copy of [the] Summons, Complaint for Damages, Demand for Jury Trial and an Initial Fee

19 Disclosure" on National (Doc. #60 at 11). One day later, Plaintiffs filed the Summons and

20 Affidavit of Service with the state court as required by NRCP 4(g) (Doc. #60 at 7-12). Under the

21 Nevada Rules of Civil Procedure and *Murphy Brothers*, National became a properly joined party

22 in this action as soon as Plaintiffs had them served with the Summons and Complaint. National

23 argues that to be "properly joined" a party must also file an answer, move to dismiss, or

24 otherwise appear in the action. That is simply not the case and this argument should be ignored.

25      National misconstrues the meaning of "properly joined" in an attempt to support its

26 argument that the statutorily mandated thirty-day period in which it must file a consent to

27 removal begins to run from the date it appears in the action. The removal statute, 28 U.S.C.

28 §1446(b), clearly states that the deadline for filing a consent to removal runs from the date

1   National was served with the Summons and Complaint, which was January 26, 2010. The
2   statute makes no mention of answering the complaint or otherwise appearing in the action.
3   Therefore, it is clear that National had until February 25, 2010, to file a consent to removal
4   document or otherwise indicate its consent to removal. National implies that it believed it could
5   not file a consent to removal because that filing would subject it to this Court's jurisdiction.
6   National's mistaken belief on this issue does not provide valid justification for filing its Consent
7   to Removal nearly two months after the deadline had passed, especially because National could
8   have asked Ferguson to indication National's consent in the Petition for Removal.

9   National also argues that Plaintiffs' professional courtesy of granting National an open
10  extension to answer the Complaint somehow indefinitely extended National's deadline under 28
11  U.S.C. §1446(b). Plaintiffs' counsel assures this Court that an open extension for filing a
12  consent to removal was not discussed with National's counsel or ever intended by the parties.
13  National's argument on this point is disingenuous and will certainly make Plaintiffs think twice
14  before extending National another professional courtesy. Because Plaintiffs never agreed to give
15  National an open extension to file its consent to removal, Plaintiffs cannot be estopped from
16  making this argument now.

**B.   Ferguson's Notice of Removal is Deficient Because it Lacks the Required Unanimity of Defendants.**

19  The notice of removal in a civil action must be filed within thirty days after the defendant
20  is served with a copy of the complaint and the summons. 28 U.S.C. §1446(b). In the Ninth
21  Circuit, the failure to join all defendants to a notice of removal within the statutorily-prescribed
22  time period is a procedural defect requiring remand. *See Aguon-Schulte v. Guam Election*
23  *Commission*, 468 F.3d 1236, 1240 (9th Cir. 2006); *see also Knutson v. Allis-Chalmers Corp.*,
24  358 F.Supp.2d 983, 990 (D. Nev. 2005). This Court has previously stated the Ninth-Circuit rule
25  that "all defendants who are properly joined and served in the action must join in the removal or
26  consent to it in writing. . ." *Knutson*, 358 F.Supp.2d at 991 (citing *Hewitt v. City of Stanton*, 798
27  F.2d 1230, 1232 (9th Cir. 1986)) (internal citations omitted); *see also Emrich v. Touch Ross &*
28  *Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). When the removal has a procedural flaw, the

Page 4 of  8

1  "[p]laintiff will prevail in a motion to remand." *Knutson*, 358 F.Supp.2d at 990.

2  In direct contradiction to unequivocal Ninth-Circuit case law, National cites a case from
3  a District Court in the Fifth Circuit to argue that this Court should look beyond the statute's plain
4  language to the "circumstances of the removing defendant." (Doc. #64 at 3:17).  National's own
5  case, *Milstead*, does not lend any support to National's position for several reasons.  First, it
6  contradicts the unambiguous law of the Ninth Circuit courts.  Second, the facts in *Milstead* are
7  vastly different from the facts of this case, which do not support an equitable exception to the
8  clear statutory removal requirements.  Third, *Milstead* is a rogue case because numerous courts
9  across the country have strongly criticized its non-application of the removal statute.  And last
10 but certainly not least, *Milstead* and the facts of this case actually support Plaintiffs' position
11 regarding National's untimely removal.

12 The *Milstead* court's opinion does not control and is not persuasive under the
13 circumstances in this case.  In *Milstead*, the defendant that filed the petition for removal
14 ("Petitioner") did not obtain the consent of a co-defendant because the plaintiff filed the return of
15 service with the state court only three hours prior to Petitioner filing its petition for removal.
16 *Milstead Supply Co. v. Casualty Insurance Co.*, 797 F.Supp. 569 (W.D. Tex. 1992).  Petitioner
17 even called the state court to inquire whether a return of service had been filed for the co-
18 defendant.  The court determined that this was such a close call that equity required an exception
19 to the removal statute.  No similar facts are present in this case.  Here, Plaintiffs served National
20 and A.Y. McDonald and filed copies of the Summons and Affidavits of Service with the state
21 court approximately ***two weeks before*** Ferguson filed its Petition for Removal.  The Clark
22 County District Court operates under a mandatory electronic filing system and the relevant
23 documents filed by Plaintiffs were readily available to Ferguson and all other Defendants all day
24 every day until Ferguson filed its Petition for Removal.  Thus, the facts of this case do not
25 support National's argument for an equitable exception to 28 U.S.C. §1446(b).

26 Courts are almost universally critical of *Milstead*'s exception to 28 U.S.C. §1446(b) and
27 not a single court has followed *Milstead*.  In *Ross*, the court specifically rejected the *Milstead*
28 court's reasoning even when the state court clerk incorrectly informed the petitioner that no

Page 5 of  8

other returns of service were on file with the court. *Ross v. Thousand Adventures of Iowa, Inc.*, 178 F.Supp.2d 996, 1000-01 (S.D. Iowa 2001). As such, the *Ross* court held that it could not exercise subject matter jurisdiction due to the joinder deficiency. *Id.* at 1001. In *Parker*, the court expressly rejected *Milstead* even though the plaintiff had failed to file a return of service for one defendant. *Parker v. Johnny Tart Enterprises, Inc.*, 104 F.Supp.2d 581, 584-85 (M.D. N.C. 1999). The untimely consent to removal was filed a mere three days after the thirty-day deadline imposed by 28 U.S.C. §1446(b), but the *Parker* court still granted the plaintiffs' motion to remand due to the lack of unanimity. *Id.* at 585-86. Another court granted the plaintiff's motion to remand when the state court misinformed the petitioner regarding a return of service already on file for a co-defendant. *Harlow Aircraft Manufacturing, Inc. v. Dayton Machine Tool Co.*, 2005 WL 1153600 (D. Kan.). Finally, a fellow District Court in the Fifth Circuit rebuked the *Milstead* court for impermissibly "broadening of the exception to the general rule" and deviating from the statute's plain language in such an unexceptional case. *Forman v. Equifax Credit Info. Svcs., Inc.*, 1997 WL 162008 at 2 (E.D.La.). The *Forman* court refused to find exceptional circumstances where the petitioner was unable to contact the untimely consenting defendant's counsel after repeated attempts. As such, *Milstead* is inapplicable in this case where Ferguson could have learned that National and A.Y. McDonald had been served by taking two minutes to go online and check.

Most importantly, the *Milstead* court invokes "logic and common sense" in extending an equitable exception to 28 U.S.C. §1446(b) where the petitioner had no "constructive notice of the filing of the return of service in the state court." *Milstead*, 797 F.Supp. at 573. Here, National makes the absurd argument that Ferguson had no way of knowing Plaintiffs served National and A.Y. McDonald because the Affidavits of Service on file with the state court did not include a certificate of service (Doc. #64 at 4:1-3). National's own case, *Milstead*, holds that filing the returns of service with the state court is sufficient to put Ferguson on constructive notice that National and A.Y. McDonald had been served. Moreover, pursuant to 28 U.S.C. §1446(a), Ferguson was obligated to file with this Court a "copy of all process, pleadings, and orders" from the state court case along with its Petition for Removal. In so doing, Ferguson

should have seen the returns of service for National and A.Y. McDonald on file with the state court. Furthermore, in Ferguson's Petition for Removal, specifically the affidavit of Philip S. Gerson, Esq., it stated that consent had been obtained from HD Supply's counsel (Doc. #1 at 5:4-5). If Ferguson allegedly could not have had any knowledge as to which Defendants had been served, Plaintiffs wonder how Ferguson knew to talk HD Supply's counsel. The evidence clearly demonstrates that National's argument on this point has no merit whatsoever.

### III.

### CONCLUSION

National was properly joined and served on January 26, 2010, and had thirty days from that time in which to file a consent to removal. National failed to file a consent to removal until 86 days later on April 22, 2010. As such, this Court should grant Plaintiffs' Motion to Strike National's Untimely Consent to Removal (Doc. #60). National's arguments regarding the adequacy of Ferguson's Petition for Removal are disingenuous and ultimately favor the granting of Plaintiffs' Motion to Remand.

DATED this 28th day of May, 2010.

Respectfully submitted by:

KEMP, JONES & COULTHARD, LLP

*/s/ Michael J. Gayan*

J. Randall Jones, Esq. (Nev. Bar No. 001927)
Michael J. Gayan, Esq. (Nev. Bar No. 011135)
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT NATIONAL WATERWORKS, INC.'S UNTIMELY CONSENT TO REMOVAL** was made on the 28th day of May, 2010, via the United States District Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Michael Gayan*
_____
An employee of Kemp, Jones & Coulthard