JEAN A. WEIL, ESQ.
Nevada Bar No. 6532
THOMAS A. LARMORE, ESQ.
Nevada Bar No. 7415
WEIL & DRAGE, APC
6085 West Twain Avenue, Suite 203
Las Vegas, NV 89103
(702) 314-1905 • Fax (702) 314-1909
jweil@weildrage.com
tlarmore@weildrage.com
Attorneys for Defendant,
A.Y. MCDONALD MFG. CO.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HAFEN RANCH ESTATES, a Nevada Corporation; NYE COUNTY CONSTRUCTION, LLC, a Nevada Limited-Liability Company; and PAHRUMP UTILITY COMPANY, INC., a Nevada Corporation,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>KEVIN MCGINNIS, a Nevada Resident; THE FORD METER BOX COMPANY, INC., an Indiana Corporation; A.Y. MCDONALD MFG. CO., an Iowa Corporation; FERGUSON ENTERPRISES, INC., a Virginia Corporation; HD SUPPLY WATERWORKS, LP, a Florida Limited Partnership, U.S. FILTER DISTRIBUTION GROUP, INC., a Georgia Corporation; NATIONAL WATERWORKS, INC., a Texas Corporation; WFX, LLC d/b/a WESFLEX PIPE MANUFACTURING, a California Limited-Liability Company; CHEVRON PHILLIPS CHEMICAL COMPANY LP, a Texas Limited Partnership; DOES I – X; and ROE CORPORATIONS XI-XX,<br><br>　　　Defendants. | Case No.　2:10-cv-187-LRH-RJJ<br><br>**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT A.Y. MCDONALD MFG. CO.'S MOTION TO DISMISS; IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** |

# REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT A.Y. MCDONALD MFG. CO.'S MOTION TO DISMISS; IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

COMES NOW Defendant A.Y. MCDONALD MFG. (hereinafter, "A.Y. McDonald"), by and through its attorneys of record, JEAN A. WEIL, ESQ. and THOMAS A. LARMORE, ESQ., of the law firm of WEIL & DRAGE, APC, and hereby replies to Plaintiffs' Response to A.Y. McDonald's Motion to Dismiss Plaintiffs' Complaint; in the Alternative, Motion for a More Definite Statement. This Reply is based on the Memorandum of Points and Authorities submitted herein, all pleadings and papers filed herein, the evidence adduced at hearing, and any oral argument this Honorable Court will entertain.

DATED this 4th day of June, 2010.

WEIL & DRAGE, APC

By: /s/ Jean A. Weil
JEAN A. WEIL, ESQ.
Nevada Bar No. 6532
THOMAS A. LARMORE, ESQ.
Nevada Bar No. 7415
6085 W. Twain Avenue, Suite 203
Las Vegas, NV 89103
Attorneys for Defendant,
A.Y. MCDONALD MFG. CO.

# MEMORANDUM OF POINTS AND AUTHORITIES

**A. Plaintiffs Did Not Follow the Chapter 40 Pre-Litigation Requirements before Filing this Chapter 40 Complaint**

Plaintiffs HAFEN RANCH ESTATES; NYE COUNTY CONSTRUCTION, LLC; and PAHRUMP UTILITY COMPANY, INC. (collectively "Plaintiffs") seek the special protections afforded to homeowners and homeowners' associations in Chapter 40, but do not even bother to comply with Chapter 40 requirements set forth in NRS 40.645. These requirements set a minimum threshold to file a Chapter 40 Complaint which is part of the overall legislative scheme to prevent and manage construction defect litigation if possible. Plaintiffs should have served a notice on A.Y. McDonald with a list of defects. Plaintiffs did not comply with this requirement. *See* Affidavit of Sarah Hasken (Doc. #49), ¶ 3 Plaintiffs should have given A.Y. McDonald its right to inspect the alleged defects. Plaintiff did not comply with this requirement. *Id.*, ¶ 4. Plaintiffs should have given A.Y. McDonald the reasonable opportunity to repair the alleged defects. Plaintiffs did not comply with this requirement. *Id.*, ¶ 5. Plaintiffs argue that all these defects in their conduct should be overlooked because they will now give A.Y. McDonald the opportunity to inspect and repair. *See* Response to A.Y. McDonald's Motion to Dismiss; in the Alternative, Motion for Alternative Statement (Doc. #62), p. 5, l. 20 – p.6, l. 10. The horse has already left the barn. A.Y. McDonald has already incurred attorney's fees and costs because it has been improperly brought into this litigation as a defendant without proper Chapter 40 pre-litigation procedures being followed. The Legislative intent of Chapter 40 to avoid construction defect litigation where possible will be thwarted if Plaintiffs are allowed to ignore these pre-litigation procedures as if they are mere surplus language in the statute. Accordingly, Plaintiffs' Complaint should be dismissed for failure to comply with the pre-litigation requirements of Chapter 40.

**B. Plaintiffs are not "Owners of Appurtenances" and Have No Standing to Bring Chapter 40 Claims**

Plaintiffs argue that they are "owners of appurtenances" i.e. water lines, but provide no facts to establish that this is true. *Id.*, p. 4, l. 15 – p. 5, l. 19. We do not know, from reviewing

WEIL & DRAGE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
085 West Twain Avenue, Suite 203
Las Vegas, NV 89103
Phone: (702) 314-1905
Fax: (702) 314-1909

the Complaint, where these water lines are located other than somewhere in Nye County, Nevada. *See generally*, Complaint. No other details are provided. *Id.* Furthermore, co-defendant FERGUSON ENTERPRISES, INC. ("Ferguson") has presented an Affidavit and property records that show that Plaintiffs own no developed property in Nye County and therefore do not actually own the subject water lines. Affidavit of Phillip Gerson (Doc. #35-1). In an Order dated May 21, 2010, this Court ruled Mr. Gerson's Affidavit and the attached evidence admissible (Doc #65). A.Y. McDonald incorporates Mr. Gerson's Affidavit and attached evidence as if fully set forth herein. Plaintiffs are not homeowners or homeowners' associations. If they are not "owners of appurtenances" they lack standing as "claimants". NRS 40.610. Accordingly, Plaintiffs' Complaint should be dismissed because they lack standing to file a Chapter 40 claim.

**C.     Public Utility Water Lines are not "Appurtenances" as Defined by Chapter 40**

Without waiving the above argument, the public utility water lines Plaintiffs allege to "own" do not qualify as "appurtenances" as defined by NRS 40.645:

> 1.     "Appurtenance" means a structure, installation, facility, amenity or other improvement that is appurtenant to or benefits one or more residences, but is not a part of the dwelling unit. The term includes, without limitation, the parcel of real property, recreational facilities, golf courses, walls, sidewalks, driveways, landscaping, common elements and limited common elements . . . and other structures, installations, facilities and amenities associated with or benefiting one or more residences.

The water lines that are the subject matter of this litigation are part of the public water utility system. ***These water lines benefit the general public in Nye County, not just one residence or group of residences.*** Furthermore, the water lines cannot be classified as "common elements"[1] or "limited common elements"[2] as defined in Chapter 116 because they are not owned

---

[1] Pursuant to NRS 116.017 "Common elements" means:

1. In a condominium or cooperative, all portions of the common-interest community other than the units, including easements in favor of units or the common elements over other units; and
2. In a planned community, any real estate within the planned community owned or leased by the association, other than a unit.

[2] Pursuant to NRS 116.059:

WEIL & DRAGE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
085 West Twain Avenue, Suite 203
Las Vegas, NV 89103
Phone: (702) 314-1905
Fax: (702) 314-1909

MWOOD\\S:\HAFEN RANCH ESTATES V. KEVIN MCGINNIS (A.Y. MCDONALD)\PLEADINGS\REPLY MTD.DOC

Page 4 of 9

by the homeowners' association and/or are not easements in favor of an individual home or homes.

All of the appurtenances listed as examples in NRS 40.645 are property features to which the owners of private residences have personal ownership or some ownership interest through membership in a homeowners association. Not only do these features benefit a residence or group of residences, they are owned by the homeowner or homeowners' association. If appurtenances are individually owned, the homeowner maintains them and pays taxes for their assessed value. If the appurtenances are owned by a homeowners association, the homeowners pay an association fee for their upkeep and taxes.

Public water lines are utilities, owned by utility companies and not appurtenance to any private residence or group of residents. Water utility companies have easements to repair and maintain their water lines. Owners of private residences have no ownership interest in public utility water lines and no duty to maintain them, nor do they have a right to interfere with the utility company's operation and maintenance of public utility water lines. Homeowners and homeowners' associations do not pay taxes on public utility water lines.

Accordingly, the subject public utility water lines are not "appurtenances" and therefore not a proper subject matter in this Chapter 40 litigation. Plaintiffs' Complaint should be dismissed.

C. **Sarah Hasken is Competent to Affirm the Facts Set Forth in her Affidavit**

Clouding the issue, Plaintiffs argue Ms. Hasken is not competent to testify and her Affidavit should be disregarded because it contains legal conclusions and expert opinions. Response (Doc. #62), p. 7, l. 6-12. As Vice-President and Corporate Secretary, Ms. Hasken has personal knowledge that Plaintiffs did not serve a Chapter 40 notice on A.Y. McDonald prior to filing their Complaint in this action. Affidavit of Ms. Hasken (Doc #49), ¶¶ 2-3. Ms. Hasken has personal knowledge that Plaintiffs did not allow A.Y. McDonald to inspect the alleged defects. *Id.*, ¶ 4. Ms. Hasken has personal knowledge that Plaintiffs did not give A.Y. McDonald a

---

"Limited common element" means a portion of the common elements allocated . . . for the exclusive use of one or more but fewer than all of the units.

reasonable opportunity to repair the alleged defects. *Id.*, ¶ 5. Furthermore, Ms. Hasken has personal knowledge that A.Y. McDonald is a manufacturer located in Dubuque, Iowa and sells its products to distributors and not directly to consumers. *Id.*, ¶ 2. Ms. Hasken need not be a lawyer or expert to make these assertions of fact. Even if the Court determines that the Affidavit makes improper conclusions of law, the facts alleged are still admissible because of the personal knowledge of Ms. Hasken to attest to these facts. The Affidavit is totally bereft of opinions, much less any expert opinions. Accordingly, the Court should overrule Plaintiffs' objections to Ms. Hasken's Affidavit.

**D.   Plaintiffs Missed the Opportunity to Show that their Claims are not Barred by the Statute of Limitations or Statutes of Repose**

Plaintiffs are still playing "hide the ball" with basic facts in this litigation, i.e. the dates when the alleged transactions took place. In their Response, Plaintiffs claim that A.Y. McDonald is required to incur significant attorney's fees and costs in discovery to learn whether or not their claims are barred by the appropriate Statute of Limitations or Statute of Repose. Response (Doc. #62), p. 6, l. 20 – p. 7, l. 5. Plaintiffs could have cleared up this issue simply by providing an Affidavit, supported by evidence, to show that the alleged transactions took place within an appropriate time frame so that their claims are not barred. Plaintiffs missed this opportunity to set the record straight so it must be assumed their claims are not timely. Accordingly, the Court should find that Plaintiffs claims are barred by the appropriate Statute of Limitations and/or Statute of Repose, and dismiss Plaintiffs' Complaint.

**E.   A.Y. McDonald is not a "Supplier" Within the Meaning of Chapter 40**

Plaintiffs argue that A.Y. McDonald should be considered a "supplier" even though Ms. Hasken has affirmed that it is a manufacturer headquartered in Dubuque, Iowa that sells through distribution and not directly to consumers.[3] Response (Doc #62), p. 6, l. 11-18. ***Plaintiffs argue for an open-ended definition of the word "supplier" that could potentially include every manufacturer, distributor and wholesaler of every component part to a home.*** If A.Y.

---

[3] "Supplier" means a person who provides materials, equipment or other supplies for the construction of a residence or appurtenance. NRS 40.634.

McDonald can be sued in a Chapter 40 litigation, then so can any entity that provides any product to a residential project, no matter how remote its involvement. While such a "chain of distribution" jurisdiction may be appropriate in a product defect litigation (which involves personal injury or damage to property other than the product) it is not appropriate to construction defect, which is essentially a local matter involving defendants who do business locally. ***Furthermore, in a construction defect matter, the potential pool of defendants would be in the thousands if the manufacturer, distributor, and wholesaler of every component part that went into a home could be named as a Chapter 40 defendant.***

The Chapter 40 pre-litigation procedures make sense when applied to contractors, subcontractors, design professionals and suppliers who have a local presence because they can exercise their right to inspect and make repairs if they choose to do so. A remote manufacturer in another state, such as A.Y. McDonald, does not have any real opportunity to inspect or repair, so the Chapter 40 procedures, even if followed, are a *mere formality* that provide no real protection to a potential defendant.

A line has to be drawn somewhere, and what makes sense is to draw the line at suppliers who do business locally and directly sold its products to a contractor, subcontractor, or design professional who worked on the project. It does not make sense to expand the definition of "supplier" beyond that boundary. Accordingly, A.Y. McDonald, which is headquartered in Dubuque, Iowa, and did not sell its products directly to Plaintiffs, should not be considered a "supplier" in this litigation and Plaintiffs' Complaint should be dismissed.

### F. Plaintiffs' Counter-Motion for Leave to Amend Should be Denied

Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996), or where the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). In this case, Plaintiffs have not complied with the minimal requirements of bringing a Chapter 40 action, do not have standing as "claimants" because they do not own the water lines and because the water lines are not "appurtenances" as defined in Chapter 40. Furthermore, even if all those

defects were overlooked, A.Y. McDonald is not a proper defendant in this action because it is not a "supplier" within the definition of Chapter 40. Accordingly, an amendment of the Complaint would be futile and the Counter-Motion for Leave to Amend should be denied.

## CONCLUSION

Plaintiffs' Chapter 40 Complaint is defective on many grounds. Plaintiffs have flagrantly disregarded the minimal pre-litigation requirements to file a Chapter 40 action, failing to provide A.Y. McDonald with notice of the alleged defects, a right to inspect, and reasonable opportunity to repair. Plaintiffs lack standing because the water lines they allege to own are not actually owned by them. Furthermore, the subject water lines are part of a public utility system and are not "appurtenances" as defined by Chapter 40. A.Y. McDonald is not a "supplier" because it is a manufacturer in a remote state that did not sell its products directly to Plaintiffs. Plaintiffs have missed the opportunity to prove that their claims are not barred by the Statute of Limitations or Statute of Repose

Accordingly, Plaintiffs' Chapter 40 Complaint should be dismissed. Plaintiffs' Counter-Motion for Leave to Amend, for all the above reasons, is an exercise in futility and should be denied.

DATED this 4th day of June, 2010.

WEIL & DRAGE, APC

/s/ Jean A. Weil

By: _____
JEAN A. WEIL, ESQ.
Nevada Bar No. 6532
THOMAS A. LARMORE, ESQ.
Nevada Bar No. 7415
6085 West Twain Avenue, Suite 203
Las Vegas, NV 89103
Attorneys for Defendant,
A.Y. MCDONALD MFG. CO.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of June, 2010, I electronically filed the foregoing **REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT A.Y. MCDONALD MFG. CO.'S MOTION TO DISMISS; IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record in this litigation.

/s/ *Michelle R. Wood*

Michelle R. Wood, an Employee of
WEIL & DRAGE, APC