JEAN A. WEIL, ESQ.
Nevada Bar No. 6532
THOMAS A. LARMORE, ESQ.
Nevada Bar No. 7415
WEIL & DRAGE, APC
6085 West Twain Avenue, Suite 203
Las Vegas, NV 89103
(702) 314-1905 • Fax (702) 314-1909
jweil@weildrage.com
tlarmore@weildrage.com
Attorneys for Defendant,
A.Y. MCDONALD MFG. CO.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HAFEN RANCH ESTATES, a Nevada Corporation; NYE COUNTY CONSTRUCTION, LLC, a Nevada Limited-Liability Company; and PAHRUMP UTILITY COMPANY, INC., a Nevada Corporation,<br><br>  Plaintiffs,<br><br>vs.<br><br>KEVIN MCGINNIS, a Nevada Resident; THE FORD METER BOX COMPANY, INC., an Indiana Corporation; A.Y. MCDONALD MFG. CO., an Iowa Corporation; FERGUSON ENTERPRISES, INC., a Virginia Corporation; HD SUPPLY WATERWORKS, LP, a Florida Limited Partnership; U.S. FILTER DISTRIBUTION GROUP, INC., a Georgia Corporation; NATIONAL WATERWORKS, INC., a Texas Corporation; WFX, LLC d/b/a WESFLEX PIPE MANUFACTURING, a California Limited-Liability Company; CHEVRON PHILLIPS CHEMICAL COMPANY LP, a Texas Limited Partnership; DOES I – X; and ROE CORPORATIONS XI-XX,<br><br>  Defendants. | Case No.   2:10-cv-187-LRH-RJJ<br><br>**RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT A.Y. MCDONALD MFG. CO.'S CONSENT TO REMOVAL** |

WEIL & DRAGE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
6085 West Twain Avenue, Suite 203
Las Vegas, NV 89103
Phone: (702) 314-1905
Fax: (702) 314-1909

HAFEN RANCH ESTATES V. KEVIN MCGINNIS/A.Y. MCDONALD\PLEADINGS\RESP TO MOTION TO STRIKE.DOC

Page 1 of 7

## RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT A.Y. MCDONALD MFG. CO.'S CONSENT TO REMOVAL

COMES NOW Defendant A.Y. MCDONALD MFG. (hereinafter, "A.Y. McDonald"), by and through its attorneys of record, JEAN A. WEIL, ESQ. and THOMAS A. LARMORE, ESQ., of the law firm of WEIL & DRAGE, APC, and hereby responds to Plaintiffs' Motion to Strike its Consent to Removal. This Response is based on the Memorandum of Points and Authorities submitted herein, the Affidavit of Thomas A. Larmore, Esq. with attached exhibits, all pleadings and papers filed herein, the evidence adduced at hearing, and any oral argument this Honorable Court will entertain.

DATED this 17th day of June, 2010.

WEIL & DRAGE, APC

/s/ Jean A. Weil

By: _____
JEAN A. WEIL, ESQ.
Nevada Bar No. 6532
THOMAS A. LARMORE, ESQ.
Nevada Bar No. 7415
6085 W. Twain Avenue, Suite 203
Las Vegas, NV  89103
Attorneys for Defendant,
A.Y. MCDONALD MFG. CO.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PROCEDURAL BACKGROUND

On January 27, 2010, A.Y. McDonald was served with Plaintiffs' Summons & Complaint. Affidavit of Thomas A. Larmore, Esq., ¶ 2. The Summons with Affidavit of Service is attached to Mr. Larmore's Affidavit as *Exhibit A*. On February 11, 2010, Ferguson Enterprises, Inc. filed a Notice of Removal, removing this matter to federal court. *Id.*, ¶ 3. The Notice of Removal is attached to Mr. Larmore's Affidavit as *Exhibit B*.

In a telephone conversation of February 26, 2010, Plaintiffs' counsel Michael Gayan granted A.Y. McDonald an extension until March 16, 2010 to file its response to Plaintiffs' complaint. *Id.*, ¶ 4. This conversation was memorialized in a letter dated March 1, 2010, attached to Mr. Larmore's Affidavit as *Exhibit C*. In a telephone conversation of March 15, 2010, Mr. Gayan granted A.Y. McDonald until March 23, 2010 to respond to Plaintiffs' complaint. *Id.*, ¶ 5. This conversation was memorialized in a letter dated March 15, 2010, attached to Mr. Larmore's Affidavit as *Exhibit D*. In a telephone conversation of March 23, 2010, Mr. Gayan granted A.Y. McDonald an extension until March 26, 2010 to respond to Plaintiff's complaint. *Id.*, ¶ 6. This conversation was memorialized in a letter dated March 23, 2010, attached to Mr. Larmore's Affidavit as *Exhibit E*. In a telephone conversation of March 26, 2010, Mr. Gayan granted A.Y. McDonald an indefinite extension to file its response to Plaintiffs' Complaint. *Id.*, ¶ 7. This conversation was memorialized in a letter dated March 26, 2010, attached to Mr. Larmore's Affidavit as *Exhibit F*.

On April 14, 2010, A.Y. McDonald filed a responsive pleading to Plaintiffs' Complaint. *Id.*, ¶ 8. A.Y. McDonald's Motion to Dismiss; in the Alternative, Motion for More Definite Statement is attached to Mr. Larmore's Affidavit as *Exhibit G*. On April 20, 2010, A.Y. McDonald filed its Consent to Removal. *Id.*, ¶ 9, attached to Mr. Larmore's Affidavit as *Exhibit H*.

///
///

## II.

## DISCUSSION

A. **Plaintiffs Granted A.Y. McDonald Extensions to File a Responsive Pleadings, Luring it into a False Sense of Security that Nothing Need be Filed**

Plaintiffs argue that A.Y. McDonald's Consent to Removal should be stricken for untimeliness. What Plaintiffs fail to mention is that they granted a series of extensions to A.Y. McDonald to file a responsive pleading, and finally granted an indefinite extension. Accordingly, Plaintiffs waived any argument that A.Y. McDonald did not consent to federal jurisdiction when it agreed that A.Y. McDonald need not even make an appearance in this action.

This Court should hold that the time allowance to file a Consent to Removal pursuant to 28 U.S.C. § 1446(b) is tolled while a party has not yet appeared, when the non-appearance has been induced by the party seeking to strike the Consent for untimeliness. To rule otherwise would be to reward Plaintiffs' counsel for lulling A.Y. McDonald into a false sense of security that no rights to litigate in federal court were being waived by its non-appearance.

Furthermore, Ferguson and the other Defendants to this action were not even party to the agreement that A.Y. McDonald need not appear. It is not equitable to deprive these Defendants of their right to adjudicate this matter in federal court for an agreement they were not a party to.

Plaintiffs have unclean hands, attempting to take unfair advantage of a situation they created themselves when they granted A.Y. McDonald a series of extensions, followed by an indefinite extension to file its response. In good conscience, the Court cannot permit Plaintiffs to get away with this miscarriage of justice.

B. **The Deadline to File a Consent to Removal is Not Yet Passed Since the Court Does Not Yet Have Diversity Jurisdiction Until the Dismissal of McGinnis**

Pursuant to 28 U.S.C. § 1446:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the

defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

***If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable***, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity jurisdiction] more than 1 year after commencement of the action. *Id., (emphasis added).*

The Court does not yet have diversity jurisdiction in this matter because of the inclusion Kevin McGinnis, a citizen of Nevada, as a Defendant in this action. On March 2, 2010 McGinnis filed a Motion to Dismiss on the grounds that he was fraudulently joined to defeat diversity jurisdiction. Furthermore, on March 26, 2010, Ferguson made this same argument in its Opposition to Plaintiffs' Motion to Remand, that McGinnis was fraudulently joined to defeat diversity jurisdiction. The arguments made in these filings are incorporated herein as if fully set forth.

Pending the Court's decision on whether to dismiss Defendant McGinnis from this action, it is too early to know whether Plaintiffs at some future time will be required to file an Amended Complaint wherein diversity jurisdiction is clearly established. Pursuant to 28 U.S.C. §1446(b) he deadline to consent to removal will be 30 days after the date Plaintiffs file and serve that Amended Complaint, with the only limitation that the case may not be removed more than one year after the filing of the original Complaint.

Accordingly, A.Y. McDonald's Consent to Removal is not untimely. If anything, it is premature, because diversity jurisdiction in this matter is not yet established while McGinnis remains a Defendant. While McGinnis' Motion to Dismiss is still pending there remains a possibility that Plaintiffs will be required to amend their Complaint, triggering a new 30-day deadline to file a Consent to Removal. Therefore, the Motion to Strike A.Y. McDonald's Consent to Removal should be denied.

///

///

///

V.

## CONCLUSION

Plaintiffs lured A.Y. McDonald into a false sense of security when they granted A.Y. McDonald a series of extensions to file a responsive pleading, followed by an indefinite extension to file a responsive pleading. Plaintiffs have unclean hand because they have deliberately attempted to take advantage of deceptive tactics to gain an unfair advantage in this litigation. The Court must not permit this miscarriage of justice.

Furthermore, the deadline to file a Consent to Removal is 30 days after diversity jurisdiction is established with the filing of a Complaint that establishes diversity jurisdiction. That has not yet happened in this matter because Nevada citizen McGinnis was included by Plaintiff as a Defendant. If McGinnis prevails in his Motion to Dismiss, Plaintiff will be required to amend their Complaint, triggering a new 30-day deadline to file a Consent to Removal.

Accordingly, A.Y. McDonald's Consent to Removal is not untimely and Plaintiffs' Motion to Strike should be denied.

DATED this 17th day of June, 2010.

WEIL & DRAGE, APC

/s/ *Jean A. Weil*

By: _____
JEAN A. WEIL, ESQ.
Nevada Bar No. 6532
THOMAS A. LARMORE, ESQ.
Nevada Bar No. 7415
6085 West Twain Avenue, Suite 203
Las Vegas, NV 89103
Attorneys for Defendant,
A.Y. MCDONALD MFG. CO.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of June, 2010, I electronically filed the foregoing **RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT A.Y. MCDONALD MFG. CO.'S CONSENT TO REMOVAL** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record in this litigation.

/s/ Michelle R. Wood

Michelle R. Wood, an Employee of
WEIL & DRAGE, APC