J. RANDALL JONES, ESQ.
Nevada Bar No. 1927
jrj@kempjones.com
MICHAEL J. GAYAN, ESQ.
Nevada Bar No. 11135
mjg@kempjones.com
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Tel. (702) 385-6000
Fax (702) 385-6001
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

HAFEN RANCH ESTATES, a Nevada Corporation; NYE COUNTY CONSTRUCTION, LLC, a Nevada Limited-Liability Company; and PAHRUMP UTILITY COMPANY, INC., a Nevada Corporation,

Plaintiffs,

v.

KEVIN MCGINNIS, a Nevada Resident; THE FORD METER BOX COMPANY INC., an Indiana Corporation; A.Y. MCDONALD MFG. CO., an Iowa Corporation; FERGUSON ENTERPRISES, INC., a Virginia Corporation; HD SUPPLY WATERWORKS, LP, a Florida Limited Partnership; U.S. FILTER DISTRIBUTION GROUP, INC., a Georgia Corporation; NATIONAL WATERWORKS, INC., a Texas Corporation; WFX, LLC d/b/a WESFLEX PIPE MANUFACTURING, a California Limited-Liability Company; CHEVRON PHILLIPS CHEMICAL COMPANY LP, a Texas Limited Partnership; DOES I-X; and ROE CORPORATIONS XI-XX,

Defendants.

Case No.: 2:10-CV-187-LRH-(RJJ)

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT A.Y. MCDONALD MFG. CO.'S UNTIMELY CONSENT TO REMOVAL**

## I.

## INTRODUCTION

A.Y. McDonald Mfg. Co.'s ("A.Y. McDonald") fugitive, untimely response to Plaintiffs' Motion to Strike (Doc. #77) is filled with misinterpretations of the law and bending of the facts in an attempt to cover its own mistakes. A.Y. McDonald's misunderstanding of the law

regarding removal and Plaintiffs' professional courtesies are not valid exceptions to the removal procedures established by 28 U.S.C. §1446 and decades of Ninth Circuit case law. Under Ninth Circuit law, A.Y. McDonald did not even need to file a separate consent to removal document, but could have asked another Defendant to indicate that A.Y. McDonald also consented. Even under A.Y. McDonald's interpretation of 28 U.S.C. §1446, its consent to removal was more than forty (40) days late. Therefore, Plaintiffs' Motion to Strike A.Y. McDonald's Untimely Consent to Removal (Doc. #52) must be granted.

## II.

## ARGUMENT

### A. A.Y. McDonald's Misunderstanding of the Law is Not a Valid Exception to the Removal Requirements.

A.Y. McDonald contends that Plaintiffs intentionally lured them into a false sense of security on the consent to removal issue by granting professional courtesies with respect to A.Y. McDonald's obligation to answer the Complaint. First, A.Y. McDonald's allegations that Plaintiffs have "unclean hands" because they granted numerous professional courtesies are absolutely unfounded and ridiculous. More importantly, A.Y. McDonald's misunderstanding of the law is not a valid exception to the removal requirements of 28 U.S.C. §1446 and the decades of controlling case law. Ninth Circuit case law makes it clear that timely consent to removal can include a co-defendant mentioning another defendant's consent to removal. Thus, A.Y. McDonald did not even need to file a separate consent to removal document because it could have asked another Defendant to indicate that A.Y. McDonald also consented to removal.

Interestingly, this Court was faced with almost the identical situation in *Knutson v. Allis-Chalmers Corp.*, 358 F.Supp.2d 983 (D. Nev. 2005). A defendant in *Knutson* incorrectly believed that filing a consent to removal document in the federal action would impact its ability to challenge personal jurisdiction in the state court. *Knutson*, 358 F.Supp.2d at 992. Based on its misunderstanding of over a century of case law, the defendant failed to file a timely consent to removal document. *Id* at 991-92. This court held that the *Knutson* defendant was not excused from joining in the removal petition simply because it misunderstood the law. *Id* at 991. The

1 court explained that, "[t]he rule, as expressed by the Ninth Circuit, is that all defendants who are
2 properly joined and served in the action must join in the removal or consent to it in writing, with
3 the exception of defendants who are fraudulently joined or who are nominal defendants." *Id.*
4 Neither exception to the rule applies here because A.Y. McDonald was properly served, is not
5 fraudulently joined and is not a nominal defendant. Therefore, A.Y. McDonald was required to
6 file a consent to removal within 30 days of when it was served with the Summons and Complaint
7 (January 27, 2010). A.Y. McDonald failed to file its Consent to Removal until over fifty (50)
8 days *after* the statutory deadline had expired. Therefore, this Court must strike and disregard
9 A.Y. McDonald's untimely Consent to Removal (Doc. #50) as it is a fugitive document.

**B.    Ferguson's Notice of Removal Put A.Y. McDonald on Notice that this Case May Be Removable.**

12 A.Y. McDonald argues that since complete diversity did not exist based on the face of
13 the Complaint, that it had no obligation to consent to removal until Plaintiffs file an amended
14 complaint. A.Y. McDonald's argument ignores the plain language and meaning of 28 U.S.C.
15 §1446(b). The statute requires that A.Y. McDonald consent to removal within thirty (30) days of
16 receiving "a copy of an amended pleading, motion, order **or other paper** from which it may be
17 **first ascertained** that the case is one which is or has become removable." 28 U.S.C. §1446(b)
18 (emphasis added). This language, along with the rest of the statute, is written to start the running
19 of a defendant's ability to remove as soon as practicable under the circumstances. Certainly,
20 A.Y. McDonald does not have until 30 days after Plaintiffs file an amended complaint as argued
21 in its brief. At best, this argument means that A.Y. McDonald's obligation to consent to removal
22 did not begin until Ferguson Enterprises, Inc. ("Ferguson") filed its Notice of Removal (Doc. #1)
23 on February 11, 2010. All Defendants were put on notice by Ferguson's Notice of Removal that
24 the only non-diverse Defendant in this action *may have been* fraudulently joined. Therefore,
25 even if the Court accepted A.Y. McDonald's argument as true, A.Y. McDonald was required to
26 consent to removal by March 13, 2010. A.Y. McDonald did not file its Consent to Removal
27 (Doc. #50) until April 20, 2010, nearly forty (40) days late even based on A.Y. McDonald's
28 interpretation of the removal statute.

### III.

### CONCLUSION

A.Y. McDonald's misunderstanding of the law is not a valid exception to the removal requirements created by 28 U.S.C. §1446 and Ninth Circuit case law. Moreover, even under A.Y. McDonald's interpretation of 28 U.S.C. §1446(b), its consent to removal was filed nearly forty (40) days late. For these and all of the foregoing reasons, this Court must strike and disregard A.Y. McDonald's untimely Consent to Removal (Doc. #50).

DATED this 18th day of June, 2010.

Respectfully submitted by:

KEMP, JONES & COULTHARD, LLP

_____
J. Randall Jones, Esq. (Nev. Bar No. 001927)
Michael J. Gayan, Esq. (Nev. Bar No. 011135)
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT A.Y. MCDONALD MFG. CO.'S UNTIMELY CONSENT TO REMOVAL** was made on the 18th day of June, 2010, via the United States District Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

_____
An employee of Kemp, Jones & Coulthard

P:\USERS\JRJ\Hafen Ranch Estates\Pleadings\Federal\Reply.Motion to Strike A.Y. consent to removal.wpd